[S. F. No. 4821.  In Bank.—April 20, 1908.]

## CHARLES QUIST, Respondent, v. DAVID B. MICHAEL et al., Cross-Complainants and Respondents; H. H. HILL et al., Appellants.

APPEAL—DISMISSAL ON MOTION—FAILURE TO SERVE ADVERSE PARTY— EXAMINATION OF RECORD.—An appeal from a judgment will not be dismissed in advance of the hearing upon the merits, on the ground that the notice of appeal was not served upon an adverse party, when the determination of the question whether the party not served

was adverse or not necessitates an examination of the record. The objection may be urged at the time of the hearing on the merits.

ID.—NEW TRIAL—TRIAL ON AGREED FACTS—JURISDICTION—FRIVOLOUS APPEAL.—The trial court has jurisdiction to entertain a motion for a new trial of a case that was tried on an agreed statement of facts and a stipulation waiving findings, and the supreme court has likewise jurisdiction of an appeal from an order denying such motion. Such an appeal will not be dismissed, on motion, and the supreme court will not, in advance of the hearing on the merits, examine the record to determine whether or not it is frivolous. If it appears to be frivolous at such hearing, the respondent's right will be adequately protected by the imposition of a penalty.

MOTION to dismiss an appeal from a judgment of the Superior Court of Mendocino County and from an order refusing a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

McNab & Hirsch, for Appellants.

Thomas, Pemberton & Thomas, and Robert Duncan, for Respondent.

HENSHAW, J.—The appeals in the above-entitled case are from the judgment and from the order denying appellants' motion for a new trial. Respondents move to dismiss the appeals, the first upon the ground that Sandman, a defaulting defendant, was not served with notice of the appeal and is an adverse party whose rights will be injuriously affected by a reversal or modification of the judgment; the second upon the ground that the case was tried upon an agreed statement of facts, with a stipulation waiving findings, and that, as a motion for a new trial is a request to the court to re-examine an issue of fact, since here the facts are stipulated, an appeal from the court's order refusing to do so is a vain and useless thing.

As to the appeal from the judgment it is sufficient to say that the determination of the question whether or not defendant Sandman is an adverse party who should have been served, and whether or not, as between the appellants and the respondents actually served, a judgment could be rendered without affecting the rights of Sandman, necessitates an examination of the record. In accordance with the prac-

tice of this court in such cases, that examination will not be made in advance of the hearing upon the merits, but may be urged at the time of such hearing. (*Hibernia S. and L. Soc. v. Behnke,* 118 Cal. 498, [50 Pac. 666]; *Kenney* v. *Parks,* 120 Cal. 24, [52 Pac. 40].) It is ordered, therefore, that the motion to dismiss the appeal from the judgment stand over, to be renewed, heard, and decided when the case is presented upon its merits.

As to the motion to dismiss the appeal from the order of the court refusing to grant a new trial, it is manifest that the trial court had jurisdiction to entertain the motion for a new trial, and by appeal from its order this court has acquired jurisdiction to review the action of the trial court. Under these circumstances a motion to dismiss does not lie. If it shall prove, as respondents argue, that the appeal is a vain and useless thing, the result will be an affirmance of the order of the trial court. The appeal having been properly taken, and jurisdiction by this court having been acquired, we will not look into the record to determine the merits of respondents' contention. If it shall appear that the appeal was frivolous and taken merely for vexation and delay, a respondent's right in such a case will always be adequately protected by the imposition of a penalty. The motion to dismiss the appeal from the order refusing to grant a new trial is therefore denied.

Sloss, J., Shaw, J., and Angellotti, J., concurred.