## ST. LOUIS, I. M. & S. RY. CO. v. FARLEY *et al.*

No. 5098.    Opinion Filed April 25, 1916.

(157 Pac. 300.)

1.  **APPEAL AND ERROR—Record—Case-Made—Time for Service.**
    The entry of the figures "60—10—5" in an order of the court
    overruling a motion for a new trial are not construed as allow-
    ing time by the court to the plaintiff in error to make and serve
    a case-made.

2.  **SAME.** A purported order of the trial judge made at chambers
    extending the time to make and serve a case-made is without
    force, where the case-made fails to show affirmatively that such
    order was entered in the journal of the court pursuant to section
    5317, or section 5324, Rev. Laws 1910.

    (Syllabus by Mathews, C.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by W. P. Farley and another against the St.
Louis, Iron Mountain & Southern Railway Company.
Judgment for plaintiffs, and defendant brings error. Dis-
missed.

*W. L. Curtis,* for plaintiff in error.

*Seymour Riddle,* for defendants in error.

Opinion by MATHEWS, C.   This was an action for
damages alleged to have been incurred in the shipment of
live stock over defendant's road.   The parties will be
designated as in the trial court.   In the record appears the
following:

"Be it further remembered that from the trial docket
of the court and minutes of the clerk appear the following
entries, to wit:  '1—4—13   Defendant files Motion For
New Trial.   Motion For New Trial overruled & Def't ex-

cepts.   60—10—5   Bond fixed at $1500 to be made in 30 days.   Execution stayed 30 days."

The above was made January 4, 1913.   The case-made was served on plaintiffs on the 8th day of March, 1913. On the 27th day of February, 1913, an order extending the time to make and serve a case-made was made by the court in chambers.

Plaintiffs move to dismiss the appeal upon the alleged grounds that no order was made extending the time to make and serve a case-made until the 27th day of February, 1913, and at that time the court had lost jurisdiction to make such an order.   In answer to this motion the defendant contends that in the above entry, immediately following the clause overruling the motion for a new trial, appears the figures "60—10—5," and that this meant that defendant was given 60 days to prepare and serve case-made, 10 days to plaintiffs to suggest amendments to the case-made, and that the same be settled on five days' notice given by either party to the other.

We have been unable to find a reported case where this exact question has been passed upon.   However, in the case of *McCann v. McCann et al.*, 24 Okla. 264, 103 Pac. 694, by Justice Williams, the question was touched upon in these words:

"Another serious question arises, and that is as to whether or not any valid order was made extending the time in which a case-made might be prepared and served. The order recites:   'Thereupon plaintiff's motion for a new trial is overruled, to which plaintiff excepts and exceptions allowed, and 60—10—5 is allowed for plaintiff to make and serve case-made.'   It is a serious question as to whether or not this order can be deciphered and made intelligible enough to constitute an extension of time in

which to make and serve the case-made; but, in view of the fact that this question has not been raised by the defendant in error, the same will not be determined in this case."

We are constrained to hold that the figures "60—10 —5" in the case at bar are not susceptible of a legal construction. There is no process of reasoning by which they can legally be interpreted as an extension of time to make and serve a case-made.

Orders and judgments of courts should be worded in plain and intelligible language, and not left to surmise or conjecture. By a course of speculation only can we give these figures the meaning contended for by defendant. Such a careless manner of making records is not to be approved or encouraged. In the case of *McCann v. McCann, supra,* it did appear that the figures there used had some relation to the making and serving a case-made, but in the case at bar nothing of the kind appears, and there is no intimation in the record that they were intended for such a purpose. The right solution of the law offers enough difficulty to employ our time, and we have no desire to delve into the mystic field or to try our hand at deciphering hieroglyphics.

There is perhaps more than one other fatal objection to the case-made, one of which we will briefly notice. On the 27th day of February, 1913, the court made an order in chambers giving the defendant 30 days' additional time to make and serve a case-made. This order was filed by the clerk of the district court on the same day, but the record does not show that such order was entered of record as the law requires. In the case of *Midland Savings*

*& Loan Co. v. Miller et al.,* 53 Okla. 149, 155 Pac. 864, we find the following:

"It is well settled in this jurisdiction that a purported order of the trial judge made in chambers extending the time in which to make and serve a case-made is without force where the case-made fails to show affirmatively that such order was entered of record pursuant to the sections of the statute above named. *Fife v. Cornelous,* 35 Okla. 402, 124 Pac. 957; *Springfield F. & M. Ins. Co. v. Gish, Brooks & Co.,* 23 Okla. 824, 102 Pac. 708; *Ellis et al. v. Carr,* 25 Okla. 874, 108 Pac. 1101; *Nelson v. Pittsburg Mtg. Inv. Co.,* 43 Okla. 208, 141 Pac. 1197; *Holmberg v. Will,* 49 Okla. 138, 152 Pac. 358."

For the reasons given, we recommend that the proceeding in error be dismissed.

By the Court: It is so ordered.