**HOFFMAN BROS. INV. CO. v. PORTER.**

No. 9693—Opinion Filed April 23, 1918.

(172 Pac. 632.)

(Syllabus.)

1. **Appeal and Error—Overruling of Motion For New Trial—Construction of Order—Extension of Time for Filing Case-Made —"30-10-5 For Case-Made."**

The inclusion of "30-10-5 for case-made" in an order of court overruling a motion for a new trial and entry of notice of appeal should be and is construed as an allowance by the court to the plaintiff in error of an extension of time within which to make and serve a case-made, and a case-made served within such extension was served in time.

2. **Grounds for New Trial — Impossibility of Making Case-Made—Statute.**

Under the ninth subdivision of section 5033, Rev. Laws 1910, it is a ground for a new trial when, without the fault of the complaining party, it becomes impossible to make a case-made, and under section 5035, Rev. Laws 1910, an application for a new trial on this ground may be made at any time during the term the order appealed from was made.

3. **Appeal and Error—Appeal from Order—Jurisdiction.**

Where plaintiff in error appeals from the order of the county court overruling his motion for a new trial on the ground of the impossibility of making a case-made, and the petition in error and case-made are filed in this court within six months from the time the said order is made, the appeal is filed in time and the jurisdiction of this court attaches.

4. **Appeal and Error—Motion to Dismiss Frivolous Appeal—Denial.**

A motion to dismiss an appeal on the ground that the same is frivolous will be denied where the question cannot be determined without an examination of the evidence adduced in support of the motion for a new trial, and the case has not been submitted or briefed on its merits.

Action between the Hoffman Bros. Investment Company and Jack A. Porter. From a judgment of the county court, on appeal from a justice court, in favor of the latter, the former brings error. Motion to dismiss appeal overruled.

Albert C. Hunt, for plaintiff in error.

Lee Daniel, for defendant in error.

RAINEY, J. This action was originally filed in a justice of the peace court of Tulsa county, and on appeal tried in the county court of said county, where judgment was rendered against the plaintiff in error on

tne 2nd day of June, 1917. Motion for a new trial was filed and overruled, and notice of appeal to the Supreme Court given by the plaintiff in error. An extension of 60 days was given plaintiff in error within which to make and serve case-made, the defendant in error given 10 days thereafter within which to suggest amendments to the case-made, the same to be settled on 5 days' notice. On June 22nd, thereafter, plaintiff in error filed a second motion for a new trial, on the ground of impossibility of making a case-made as provided for by section 5035, Rev. Laws of Oklahoma 1910. This motion was overruled on June 29, 1917. On the 6th day of July following the following order was made, as appears from the case-made:

"Order made overruling second motion for new trial, revoked. Motion reinstated, and overruled, exception.

"30-10-5 for case-made. Notice of appeal in open court."

The defendant in error has filed a motion to dismiss the appeal on the following grounds:

"First. Because this court is without jurisdiction to entertain this appeal for the reason that the purported case-made was not made, served, and settled according to law, and is a nullity.

"Second. Because the purported case-made herein was not made, served and ·settled with'n the time provided by law nor within the legal extension ordered by the court.

"Third. Because the attempted appeal herein is frivolous and made for delay only, and tne only ground for reversal is the alleged impossibility of the plaintiffs in error to prepare case-made, due to the negligence and fault of counsel for plaintiffs in error.

"Fourth, Because this purported case-made was not filed in the Supreme Court within six months from and after the final order overruling motion for a new trial."

If the order of the court, made on the 6th day of July, cannot be construed as an allowance by the trial court of an extension of time to the plaintiff in error within which to prepart and serve a case-made, for the suggestion of amendments thereto and the settlement thereof, the appeal must be dismissed on one or both of the first and second grounds urged for dismissal. In support of his contention that the order "30-10-5 for case-made" is not susceptible to a legal construction, counsel for defendant in error cite the cases of McCann v. McCann et al., 24 Okla. 264, 103 Pac. 694, and St. Louis, I. M. & S. Ry. Co. v. Farley, 57 Okla. 405, 157 Pac. 300.

In the first-named case the question as to whether the figures "60-10-5" were intelligible enough to constitute an extension of time within which to make and serve a case-made was suggested, but not decided. In the other case cited, this court, in an opinion by Commissioner Mathews, held that the entry of the figures "60-10-5," in an order of the court overruling a motion for a new trial, did not constitute an extension of time, but in that case. the court observed that it did not appear from the order that the figures employed had any connection or relation to the making and serving of a case-made, while in the one at bar it does appear that they are expressly used in connection with the case-made and notice of appeal.

While a careless practice in making the records of the proceedings of courts of record is disapproved, we must not lose sight of the fact that the primary purpose of making a record is to preserve in an intelligent form the judgments and orders actually made by the court. It is a matter of general knowledge that courts frequently, in granting an extension of time for preparing and serving a case-made for suggesting amendments thereto, and for settling the same, use the expression herein complained of, and we do not think that it coould truthfully be said that any lawyer or other person with ordinary ffamiliarity with court proceedings would not understand the meaning and the import of the figures used in this connection. The figures and words employed convey to us the idea that the plaintiff in error was given 30 days within which to prepare and serve a case-made, the defendant in error 10 days to suggest amendments thereto, and that the case-made was to be settled on 5 days' notice by either party, just as effectually as we understand "12-23-1915" to mean "the twenty-third day of December, in the year one thousand nine hundred fifteen," and we are satisfied that counsel and all parties similarly situated get the same idea from the record as made. We are threfore of the opinion that the same should be construed as allowing such extension of time. Giving the order this construction, the case-made was served in time.

With reference to the third ground for dismissal, it is sufficient to say that under section 5033, supra, one of the grounds for a new trial is the impossibility of making a case-made, and under section 5035, supra, a motion for a new trial on this ground is not required to be made within 3 days after the verdict or decision was rendered, but may be made at any time during the same term of court the judgment was ren-

dered. As to whether the plaintiff in error was at fault in not having the evidence reported, and as to whether a new trial should have been granted by the trial court under the circumstances, calls for an examination of the evidence adduced at the hearing of the motion for a new trial, and is a question that should properly be considered by this court when the case is briefed on its merits. We do not think we should, at this time, express any opinion as to whether the appeal is meritorious or frivolous.

There is not any merit in the fourth ground for dismissal, for the reason that an order overruling a motion for a new trial is an appealable order. The second motion for a new trial was on the ground authorized by the ninth subdivision of section 5033, supra, and the appeal was taken within 6 months from the entry of the order overruling this motion.

The motion to dismiss is therefore overruled.

All the Justices concur.