**COPE et al., Trustees, v. DANCY, Sheriff.**

No. 14271—Opinion Filed Nov. 13, 1923.

Rehearing Denied Feb. 12, 1924.

Second Rehearing Denied April 29, 1924.

**1. Appeal and Error—Amendment of Case-Made — Compliance with Statute.**

Section 789, Compiled Statutes of 1921, provides the manner of amending case-made after it has been filed in this court. The record in this case examined and held, that the application being granted to amend the case-made and the amendment having been made as herein stated, there was a substantial compliance with the statute and the motion to dismiss the appeal should be overruled.

**2. Appeal and Error—Questions of Fact— Verdict in Replevin.**

In an action of replevin, where the testimony is conflicting on the material issues and the jury finds in favor of one of the parties, and the trial court approves and renders judgment on such verdict, this court will not disturb the judgment.

**3. Same—Affirmance.**

Record in this case examined; held, the evidence is sufficient to sustain the judgment of the trial court, and the same should be affirmed.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; Frank Mathews, Assigned Judge.

Action by R. C. Cope and others, trustees of the Motor Parts & Supply Company, against Ben B. Dancy, sheriff. Judgment for defendant, and plaintiffs bring error. Affirmed.

Wilson, Tomerlin, & Threlkeld, for plaintiff in error.

O. T. Shinn, for defendant in error.

Opinion by THREADGILL, C. This is an appeal by plaintiffs in error, plaintiffs below, from a judgment of the district court of Oklahoma county in favor of defendant in error, defendant below.

The first question confronting us is the question of jurisdiction. The defendant in error contends that there was no order made and entered of record extending time for preparing case-made at the time motion for new trial was overruled and the amendment by order of this court for the purpose of correcting the record and under the supervision of Judge Frank Mathews, assigned judge, by placing in the record an order prepared after more than six months overruling motion for new trial and extending time for preparing and serving case-made is not an amendment or correction within the purview of section 786, Compiled Laws 1921, and not sufficient to confer jurisdiction upon this court.

The record shows minute of the clerk of October 28, 1922, as follows:

"At the time this case was called and motion for new trial overruled. Exceptions. Notice of appeal given in open court. Clerk directed to file and record verdict. 90-10-5. And plaintiffs are given thirty days in which to file a supersedeas bond."

This was the only record of what was done at the time the motion for new trial was passed on, and under St. Louis, Iron Mountain & S. Ry. Co. v. Farley et al., 57 Okla. 405, 157 Pac. 300 and Mobley v. C., R. I. & P. Ry. Co., 44 Okla. 778, 145 Pac. 321, was not sufficient for an order extending time to prepare and serve case-made.

When this court made the order upon application of plaintiffs in error permitting case-made to be withdrawn and amended, there were several items of the record, together with the following order, inserted as corrections or amendments (omitting caption):

"Now, on this 28th day of October, 1922, the above styled case came on for hearing before the undersigned judge who tried said cause upon the motion for new trial filed by the plaintiff, and both parties appeared by their attorneys, and after argument of counsel and due consideration thereof by the court, the court finds that said motion for new trial is not well taken and should be overruled. It is, therefore, ordered, adjudged, and decreed by the court that the motion for new trial of the plaintiffs be and the same is hereby overruled to which order, ruling and judgment of the court the plaintiffs excepted and the exceptions were allowed, and notice of appeal was given by the plaintiffs in open court and the same is entered upon the trial docket by the clerk as required by law, and thereupon, good cause being shown, said plaintiffs are granted ninety (90) days from this date within which to prepare and serve case-made for said appeal, and ten

(10) days thereafter granted to defendant to suggest amendments and case-made to be settled on five (5) days notice by either parties. It is further ordered that execution be stayed for thirty (30) days within which time, if supersedeas bond is filed, as provided by law, execution is stayed pending appeal. Frank Matthews, Judge."

Indorsed on the back as follows:

"Filed in district court, Oklahoma county, Oklahoma, August 18, 1923. Cliff Myers, Court Clerk. By H. W. Bach."

Upon the face of it this shows that it was not filed and not recorded at the time the case-made was filed in the Supreme Court and was not on file and not of record at the time this court made the order permitting correction.

Section 789, Compiled Statutes 1921, provides the manner of correcting a case-made after it has been filed in this court. The record in this case examined and held that the application being granted to amend the case-made and the amendments having been made as above stated, there was substantial compliance with the statute and the motion to dismiss the appeal should be overruled.

The action is a replevin action brought by the plaintiffs in error against the defendant in error, the sheriff of Oklahoma county, to recover possession of certain motor parts which the sheriff had taken from the possession of the plaintiffs by attachment in favor of B. H. McAleer, as the property of Waddell-O'Brien Motor Company. The plaintiffs claimed the right of possession by virtue of ownership and alleged that the defendant wrongfully took possession under the order of attachment. The value of the property was fixed at $1,335.49 and damages estimated at $2,500. After pleas to the jurisdiction, which were overruled, the defendant filed a general denial and the cause was tried to a jury September 8, 1922, and resulted in a verdict and judgment in favor of the defendant and the plaintiffs in error bring the cause here by petition in error and case-made and urge that the verdict and judgment are not sustained by the evidence.

The gist of the action is right of possession. The general denial of the defendant was sufficient to place the burden of proof upon the plaintiffs. Counsel for plaintiffs in error in their brief state:

"We respectively submit to this court that there is not a scintilla of testimony on which to base the verdict and judgment of the court, finding that the property belonged to the Waddell-O'Brien Motor Company or that the same did not belong to the plaintiff."

This is not an argument in support of plaintiffs' contention, because the plaintiffs must win upon proof of their right to recover and not upon the failure of proof on the part of the defendant. In other words, it is incumbent upon the plaintiffs to make out their case to the satisfaction of the jury by the preponderance of the evidence and if they fail in this they lose their cause, whether the defendant makes any proof of his rights or not. These principles are elementary and need no citation of authorities to support them. The question involved in the case is a question of fact, and the testimony on the part of the plaintiffs being somewhat indefinite and unsatisfactory, to say the least of it, and the testimony on the part of the defendant being in conflict with the plaintiffs' testimony, and the jury by their verdict having settled this issue in favor of the defendant, and the trial court having approved and rendered judgment on the verdict, this court will not disturb the same. Incorporated Town of Sallisaw v. Chappelle, 67 Okla. 307, 171 Pac. 22.

We have read all the evidence in the record, and are fully persuaded that the jury was fully warranted in returning the verdict as they did, and the judgment of the court is supported by the evidence. We, therefore, recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.