## EADS v. CONLEY.

No. 14958—Opinion Filed Feb. 3, 1925.

**1. Justices of the Peace—Appeal—Jurisdiction—Sufficiency of Complaint in Forcible Detainer—Verification by Agent.**

In an unlawful detainer case brought under the Code provisions, a complaint which particularly describes the property, and shows that the entry was lawful, but, same is being unlawfully detained after expiration of three days from service of notice to vacate, and signed and sworn to by the agent for plaintiff in the case and filed in the justice of the peace court, is sufficient to give the justice of the peace court jurisdiction, although the reasons why the agent should swear to the complaint are not disclosed; and where the defendant appears and goes to trial without objection and after judgment against her appeals to the county court in the manner provided by law, the county court acquires jurisdiction on appeal.

**2. Same—Amendment of Complaint on Appeal.**

Where, in the trial of such a case on appeal, the question is for the first time raised by an objection to the taking of testimony in support of the complaint, that it does not disclose why the agent instead of the principal swore to the complaint, it is not error to overrule the objection and permit the plaintiff to amend under oath to show why the agent should make the verification.

**3. Landlord and Tenant—Unlawful Detainer—Reasonable Time for Suit After Notice to Vacate—Jury Question.**

Under the proof and circumstances presented in the instant case, it was not error to submit to the jury as questions of fact to be determined by it, whether or not the suit was filed within a reasonable time after the service of notice to vacate, or whether or not the plaintiff had waived the notice to vacate, although the suit was not begun until a lapse of somewhat more than five months after giving the notice to vacate.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Oklahoma County; Jas. C. Cheek, Judge.

Action by Ed Conley against Mrs. M. J. Eads. Judgment for plaintiff, and defendant appeals. Affirmed.

V. R. Ball and Chastain, Harris & Young, for plaintiff in error.

S. A. Byers, for defendant in error.

Opinion by SHACKELFORD, C. In this case we are confronted at the outset with a motion to dismiss the appeal for the reason that the case-made was not served, settled, and signed within the statutory time provided, nor within a valid extension of time granted by the court. In the case-made appears the following:

"Conley v. Eads, No. 6771. Motion for new trial overruled, exceptions allowed, notice of appeal given in open court, 40-10 and 5 days to make and serve case-made, 20 days to supersede."

It is contended such notation does not constitute a valid order extending time to serve case-made, and is not susceptible to any legal construction. If the contention can be maintained the appeal should be dismissed. If the notation "40-10 and 5 days to make and serve case-made" cannot be construed to mean that the appealing party should have 40 days in which to prepare and serve case-made, and 10 days given the opposite party to suggest amendments, and the same to be settled and signed upon five days' notice, the case-made was not served within any time fixed by the court in a valid order. A very similar matter was presented in a motion to dismiss appeal in Hoffman Bros. Inv. Co. v. Porter, 68 Okla. 136, 172 Pac. 632. The notation attacked in that case was "30-10-5 for case-made." This court held that the notation would be construed to mean 30 days to the appealing party to make and serve case-made, 10 days to the opposite party to suggest amendments, and the case-made to be settled and signed upon five days' notice. The language of the notation here is more susceptible to such construction than the language used in the case cited. We think the appealing party in this case was rather careless in completing the record in extending the time to make and serve case-made, yet under the authority of the Hoffman-Porter Case, supra, the motion to dismiss this appeal is not well taken and should be overruled.

The plaintiff in error was the defendant below, and the defendant in error was the plaintiff. The parties will be designated herein as plaintiff and defendant as they appeared in the trial court.

The cause was originally begun on the 2nd of December, 1920, in a justice of the peace court in Oklahoma county, as an unlawful detainer case, under the forcible entry and unlawful detainer statutes. The case was tried in the justice court, resulting in a judgment for plaintiff. The defendant prosecuted an appeal to the county court of Oklahoma county, where the cause was tried de novo on May 10, 1923, again resulting in a verdict of a jury and judgment for plaintiff. The defendant appeals and presents her assignments of error under the following propositions:

(1) The plaintiff's complaint was so fatally defective that neither the justice court nor the county court on appeal, acquired any jurisdiction.

(2) That the instructions given by the court to the jury in the county court trial were so erroneous as to require a reversal of the judgment.

The complaint was filed in the justice court on the 2nd of December, 1920. After the caption the complaint is as follows:

"State of Oklahoma, Oklahoma County, ss.

"Oliver E. Conley, agent of Edgar Conley, plaintiff in the above entitled cause, being duly sworn, says that Mrs. M. J. Eads, having lawfully entered upon the following premises in Oklahoma county, in the state of Oklahoma, to wit: East half of lots one, two and three in block 52, Maywood addition to Oklahoma City, Oklahoma, did (after having been notified by said plaintiff to leave said premises, as required by law) on the 18th day of June, A. D. 1920, and ever since has and still does unlawfully and forcibly detain said premises from said plaintiff, who then and ever since been and now entitled to the possession of said premises."

"Oliver E. Conley,

"Subscribed and sworn to before me, this 2 day of Dec. A. D. 1920,

"W. P. Hawkins,
"Justice of the Peace."

The defendant, after being served with the summons, appeared and procured a change of venue to another justice of the peace. The cause was tried to a jury and a verdict returned in favor of the plaintiff and against the defendant, finding "the defendant guilty." The verdict was filed December 27, 1920, and judgment for possession entered thereon. On the 6th of January, 1921, the defendant filed an appeal bond in the sum of $500, and the cause was lodged in the county court of Oklahoma county on the 9th of February, 1921.

In the county court the defendant demurred to the complaint for the reason that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and exceptions allowed. The cause was called for trial on the 9th of May, 1923. After empaneling a jury the plaintiff moved for judgment on the pleadings because defendant had failed to plead after the demurrer was overruled. The court overruled plaintiff's motion for judgment, and the witnesses were sworn and the first witness called, whereupon the defendant objected to the taking of testimony in support of the complaint for the reasons (1)

the complaint does not state facts sufficient to constitute a cause of action; (2) that the complaint was not verified by any authorized agent; (3) the verification being by an agent does not state any reason authorizing the agent to make the verification; (4) because the complaint does not describe the property; (5) because the notice relied upon was given on the 18th of June, 1920, and the suit was not filed until the 2nd of December, 1920, and by reason of the lapse of time the notice was waived; and (6) because no five days' notice was ever given.

The objection was overruled and exceptions taken. The plaintiff thereupon asked leave to amend the complaint, and the same was amended as follows:

"And affiant further states that he was at the time of making said affidavit, has ever since been, and is now the agent of the plaintiff, Ed. Conley.

"Affiant further states that he makes this affidavit because he is familiar with the facts and further because the plaintiff at the time of filing this affidavit and complaint was absent from the state of Oklahoma and is still absent therefrom."

Such amendment was indorsed upon the original complaint and signed by Oliver E. Conley, and sworn to before the court clerk. The defendant objected to the amendment for the reason that it came too late. The objection was overruled and exceptions taken.

The point made here is that there was no sufficient verification, and for that reason neither court acquired jurisdiction. Section 1052, Comp. Stat. 1921, provides in effect that a summons shall not issue until the plaintiff files a written complaint under oath which shall particularly describe the premises, etc. The complaint in this case sets out that Oliver E. Conley is agent of Edgar Conley, the plaintiff, and then follows his statement that the defendant is unlawfully and forcibly detaining the property, particularly describing the lots and blocks. The statement is signed by the agent and sworn to before the justice of the peace.

So far as it appears in this record, no question was raised in the justice court that the complaint was defective or was not sufficiently verified. It seems that the verification of the complaint was not attacked in the county court until a jury was empaneled and a witness called, and then the attack was made under an objection to the taking of testimony. The complaint was under oath. Oliver E. Conley made oath to every statement of fact necessary in a com-

plaint for unlawful detainer. The defect and irregularity arises out of the fact that he was not the plaintiff in the action, but was acting only as agent of the plaintiff. The justice of the peace might have refused to issue the summons until Oliver E. Conley disclosed why he should be making oath to the complaint. However, the summons was issued and served, and the defendant appeared. No question seems to have been raised in the justice court that there was no reason stated why Oliver E. Conley, the agent, should make the oath instead of Edgar Conley, the plaintiff. The essential things were sworn to by Oliver E. Conley, that is, the particular description of the property and the unlawful detention after notice given to vacate. The defendant herself probably knew as well why Oliver E. Conley was making the oath as he himself did, and it seems that if she were willing to go to trial without making him disclose, she should be held to have waived the irregularity. When the essential facts were sworn to, other matters left out amounted to irregularities, and do not go to the jurisdiction. The defendant had a right to have Oliver E. Conley state under oath why he should be making oath to the complaint instead of the plaintiff himself, but it seems that this was a right she could waive, and by her silence did waive, at least so far as the justice court trial was concerned. No doubt, the defect would have been remedied in the justice court if attention had been called to it. In the county court no motion was leveled at the complaint to dismiss the suit because the complaint was not verified or was insufficiently verified. The defendant went into the trial of the case without raising any question about it. The first attack upon the verification came by way of objection to the taking of testimony. When the defect in the verification was pointed out the plaintiff offered to amend by disclosing the reason why the agent should make the verification, and the court permitted the amendment, and it was indorsed upon the original complaint and signed and sworn to by Oliver E. Conley before the court clerk. It was not error to permit such amendment. The original complaint was sufficiently verified to give the court jurisdiction, and it was not error to permit nonjurisdictional defects to be cured by amendment.

The defendant complains that the jury was not properly instructed. The defendant contends that the jury should have been instructed to return a verdict for her, for the reason that approximately five months had elapsed between giving the three days'

notice to vacate and bringing the suit because of the unlawful detainer. The plaintiff's proof tends to show that the statutory five days' notice was served upon the defendant about or shortly after the 18th of May, 1920, calling attention of the defendant that she was in arrears with her rent from the 10th of October, 1919, to May 18, 1920, the sum of $140, which she must pay within five days after service of the notice. About 30 days later the rent had not been paid and the three days' notice to vacate was given. The suit was filed in the justice of the peace court on the 2nd of December, 1920. The evidence tends to show that payments of rentals in arrears were paid between the time of giving the three days' notice and filing the suit. It seems that no rentals were paid for any month or months between the time of giving the three days' notice and the time of bringing the action. The receipts given by the plaintiff to defendant show that such sums of money as were paid were applied upon the rentals accruing before either of the notices were given. The evidence further tends to show that the plaintiff, after giving the notice, tried repeatedly to come to an understanding with the defendant about when she would move out. Various reasons were assigned by her as to why she did not vacate —that she could not find other property at a reasonable rental which she could afford to pay; and that she or some member of her family was sick so she could not move. It does not appear that plaintiff or his agent ever did anything that could be construed into an abandonment of the notice to vacate.

In the instruction complained of the jury was told that the notice to vacate must be given at least three days before the suit was filed, and that the suit must be filed within a reasonable time after giving the notice. Then the court said:

"If you should believe from the evidence, facts and circumstances in this case that the same was not brought within a reasonable time, or that the plaintiff waived the giving of said notice, that he would bring suit after having served same on the defendant, then the plaintiff is not entitled to maintain this action, and your verdict should be for the defendant."

Thus, it seems that the court submitted to the jury the question as to whether the suit was brought within a reasonable time after the notice to vacate was given, and also whether or not the plaintiff had, by his conduct, waived or abandoned the notice to vacate. The finding of the jury was, in effect, a finding that the suit was brought

within a reasonable time after the notice, and that the notice had not been waived and abandoned by the plaintiff. Under the proof, as we see it, it could not be said as a matter of law that the suit was not brought within a reasonable time after the notice given. We also think that the question of whether or not the notice was waived or abandoned by plaintiff was a question of fact for the jury under the circumstances. It seems from the evidence that plaintiff tried repeatedly after giving notice to vacate, to get the defendant to move, and refrained from proceeding because of the condition in which the defendant's family was situated. It seems that some payments of rentals were made by defendant after notice, the sum of $60, which was less than half she owed at the time the notice was given. One of these payments was made as late as October 17, 1920, and was receipted for as payment on amount due. If any current monthly rentals were paid by defendant after the notice to vacate given about June 18, 1920, there is no direct evidence of such payment in this record.

We think there is nothing in the record of which complaint is made which should vitiate the county court judgment or require a reversal. It seems that the plaintiff should be entitled to possession of the property, or his rentals. We think the verdict of the jury and the county court judgment are sufficiently regular, and are amply supported by the record.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

Note—See, under (1) 35 C. J. pp. 630, 636,785; (2) 35 C. J. p. 823; (3) 36 C. J. p. 666.