## DAVIS v. F. W. WOOLWORTH CO.
### No. 528.

Circuit Court of Appeals, Tenth Circuit.
Dec. 14, 1931.

Chas. W. Pennel and A. O. Harrison, both of Bartlesville, Okl., for appellant.

Randolph, Haver, Shirk & Bridges, of Tulsa, Okl., for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an action brought by R. E. Davis to recover damages on account of bodily injuries sustained from a fall down an elevator shaft located in a store of F. W. Woolworth Company.

In the petition it is alleged that the injuries were incurred because of the negligence of the Woolworth Company. Contributory negligence was set up as a bar to recovery. On a former trial the jury returned a verdict for Davis. Upon appeal this court held that Davis was guilty of contributory negligence as a matter of law and remanded the case for a new trial. Woolworth Co. v. Davis, 41 F.(2d) 342. At the second trial the court directed a verdict for the Woolworth Company on the ground that Davis was guilty of contributory negligence as a matter of law. Davis has appealed. The Woolworth Company has filed a motion asking that this appeal be dismissed or the judgment affirmed for the reason that the appeal is frivolous and that no substantial evidence was offered at the second trial which would support a verdict for Davis.

While the question of contributory negligence at the last trial, as at the former, must be determined from a consideration of the testimony of Davis, yet his testimony at the later trial differed in some respects from his testimony at the former.

A consideration of the questions raised by the motion to dismiss would require the same examination of the evidence offered as would a consideration of the appeal on its merits. Motions to dismiss appeals are not looked upon with favor. Vann v. Union Central Life Ins. Co., 79 Okl. 17, 191 P. 175; Boatmen's Bank v. Fritzlen (C. C. A. 8) 135 F. 650. A motion to dismiss an appeal on the ground that it is frivolous will be denied, where it is necessary to examine the evidence in order to pass upon such motion. Quist v. Michael, 153 Cal. 365, 95 P. 658; Hoffman Bros. Inv. Co. v. Porter, 68 Okl. 136, 172 P. 632.

The motion is overruled, and the appeal will be heard on its merits.