[No. 3,137.]

## SAMUEL YENAWINE *v.* G. F. W. RICHTER AND P. POLLOCK.

COUNTY COURTS—NEW TRIALS.—County Courts are Courts of superior jurisdiction, and have power to grant new trials.

IDEM.—If a County Court grants a new trial in disregard of the statutory method of procedure, it is error; but it cannot be said there is a want of jurisdiction, and that the order is void.

CERTIORARI FROM ORDER GRANTING A NEW TRIAL.—However erroneous the order of a County Court granting a new trial may be, it cannot be brought up for review by a writ of certiorari.

APPEAL from the District Court of the Seventeenth Judicial District, San Diego County.

On the 20th day of March, 1871, the plaintiff Yenawine

recovered a judgment in the County Court of San Diego County against the defendants for two hundred and forty-one dollars. On the 16th day of May, 1871, the County Court granted a new trial.

The plaintiff obtained a certiorari from the District Court to bring up the order of the County Court for review. On the hearing the District Court dismissed the writ. The plaintiff appealed from the judgment of the District Court.

The other facts are stated in the opinion.

*Louis Branson*, for Appellant.

The defendants took the first step, but not the second, or third. Failing to file the statement within five days after the filing of the notice, they lost their right to move for a new trial, and the County Court had no power to restore it, and had no jurisdiction to make the order for a new trial. (Practice Act, Sec. 195; *Adams* v. *The City of Oakland*, 8 Cal. 510; *Caney* v. *Silverthorne*, 9 Cal. 67; *Wing* v. *Owen et al.* 9 Cal. 247; *Munch* v. *Williams et al.* 24 Cal. 167; *Easterly* v. *Larco*, 24 Cal. 179 ; *Bear River and Auburn Water and Mining Co.* v. *Boles et al.* 24 Cal. 354.)

*Stewart & Reed*, and *Gatewood & McNealy*, for Respondents.

County Courts have jurisdiction to grant new trials. (*Dickinson* v. *Van Horn*, 9 Cal. 211.)

By the Court, BELCHER, J.:

The County Court did not exceed its jurisdiction in granting the defendants' motion for a new trial. It had rendered judgment in the case, and had jurisdiction both of the subject matter and of the parties. The power to grant new trials has been considered, from a very early day, to be

CAL. REPS. XLIII—40

inherent in all Courts of superior jurisdiction; and in this State County Courts are declared to be Courts of that character. (Stats. 1863, p. 337, Sec. 37; *Hahn* v. *Kelly*, 34 Cal. 391.) If Courts grant new trials in disregard of the statutory methods of procedure, it is error; but it cannot be said that for that reason there is a want of jurisdiction, and that their orders are, therefore, void.

In this case the order of the County Court granting the new trial was clearly erroneous. The paper of the 22d of March, which counsel for defendants call a motion and statement for new trial, and on which the order seems to have been made, was not a statement. It, in no respect, meets the statutory requirements. It contains no part of the evidence, nor a reference thereto, nor does it directly state any facts. Moreover, it was never, in any manner, certified to be correct.

But however erroneous the order may have been, it cannot be brought up for review by a writ of certiorari. The District Court was right, therefore, in denying the application for the writ, and its order is affirmed.