[No. 11025.   Department Two.—August 22, 1885.]

## MAURICE FINN, APPELLANT, v. D. B. SPAGNOLI, RESPONDENT.

MOTION FOR NEW TRIAL—HEARING AND DETERMINATION OF MOTION A TRIAL.—The hearing and disposition of a motion for a new trial is a trial within the meaning of section 398 of the Code of Civil Procedure.

ID.—CHANGE OF PLACE OF TRIAL—DISQUALIFICATION OF JUDGE.—Where pending the settlement of a statement on motion for a new trial, the term of office of the judge who tried the case expires, and one of the attorneys in the action becomes his successor, the party moving for a new trial is entitled, under section 398 of the Code of Civil Procedure, to have the action transferred to an adjoining county, on the ground of the disqualification of the judge before whom the case is pending.

APPEAL from an order of the Superior Court of Amador County refusing a change of the place of trial.

The facts are stated in the opinion.

*Eagon & Armstrong*, for Appellant.

The plaintiff was entitled to a change of venue on the ground of the disqualification of the judge.   (Code Civ. Proc, §§ 170, 397; *North Bloomfield G. M. Co.* v. *Keyser*, 58 Cal. 315; *Barnhart* v. *Fulkerth*, 59 Cal. 130; *Livermore* v. *Brundage*, 64 Cal. 299; *Connell* v. *Gavitt*, 7 Colo. 40.)

*Lindley & Spagnoli*, for Respondent.

BELCHER, C. C.—The plaintiff recovered judgment against the defendant in the Superior Court of Amador County on the 18th day of November, 1884.   Thereafter, within the time allowed by law, the defendant served a notice of his intention to move for a new trial, and prepared and served his statement of

the case, and the plaintiff prepared and served amendments to the statement. The statement and amendments were delivered to the clerk of the court for the judge. On the 5th day of January, 1885, the term of office of the judge before whom the case was tried expired, and the attorney who tried the case for the defendant became the judge of the court. Nothing appears to have been done towards settling the statement till the 6th of March, when the plaintiff gave notice of his intention to move that the case be transferred to the Superior Court of an adjoining county, upon the ground that the judge of the court was disqualified from further acting in the case. This motion was heard on the 16th day of March, and at that time the judge of the Superior Court of Mono County occupied the bench. The motion was denied, and the appeal is from the order denying it.

A bill of exceptions or statement may be settled and certified by the judge before whom the case was tried after his term of office has expired, if he has not become disqualified, or by his successor in office, if he be not disqualified. If the former neglects or refuses to act, and the latter be disqualified, then the bill of exceptions or statement is to be settled and certified by another judge of the same county, if there be one, or by the judge of an adjoining county. (§ 653, Code Civ. Proc.; Rule 29 of this court.) The case was pending in the Superior Court of Amador (Code Civ. Proc. § 1049), and the plaintiff was entitled to have the statement settled and the motion for new trial disposed of without unnecessary delay. Why the statement was not settled by the judge before whom the case was tried does not appear, but it could not be settled by his successor in office, nor by the judge of Mono County, that not being an adjoining county.

Section 398 of the Code of Civil Procedure provides: "If an action or proceeding is commenced or pending in a court, and the judge or justice thereof is disqualified from acting as such . . . . it must be transferred for trial to a court the parties may agree upon by stipulation in writing, or made in open court and entered in the minutes; or if they do not so agree then, to the nearest court where the like objection or cause for making the order does not exist."

It is claimed by the respondent that the case had been tried, and therefore it could not be transferred for trial.

This is not correct. "A trial is the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause, for the purpose of determining such issue. When a court hears and determines any issue of fact or of law·for the purpose of determining the rights of the parties, it may be considered a trial." (*Tregambo* v. *Comanche M. & M. Co.* 57 Cal. 505.)

Within this definition the hearing and disposition of a motion for new trial is a trial.

We think the court erred in denying the plaintiff's motion, and that the order appealed from should be reversed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the order is reversed.