[Civ. No. 7583. Second Appellate District, Division Two.—May 6, 1931.]

CITY OF PASADENA (a Municipal Corporation), Appellant, v. G. H. GRACE et al., Defendants; LINA A. J. HUTCHINSON, Respondent.

Harold P. Huls, City Attorney, and Frederick G. Stoehr, Deputy City Attorney, for Appellant.

Libby & Sherwin for Respondent.

ARCHBALD, J., *pro tem.*—Motion to dismiss appeal under rules V and VI of the Supreme Court and District Courts of Appeal for the reason that such appeal was not taken within the time allowed by law.

The certificate of the county clerk, filed pursuant to rule VI, shows the action was one for the condemnation of certain property owned by defendants; that defendant Lina A. J. Hutchinson caused the case to be set for trial on February 28, 1930; that on motion of said defendant said action was dismissed with costs to her; that said defendant thereafter filed her cost bill on March 19, 1930, plaintiff moved to strike the same and tax the costs, which motion was by the court denied and judgment thereupon entered in favor of defendant Hutchinson and against plaintiff; that on April 8, 1930, plaintiff filed its notice of intention to move for a new trial, which motion was denied on June 2, 1930, and on June 9, 1930, plaintiff filed its notice of appeal. On June 30th the court filed its order denying plaintiff's application to settle its bill of exceptions. A petition for writ of mandate was thereupon filed in the Supreme Court to compel the settlement of said bill of exceptions. The opinion of that court dismissing such petition was filed April 23, 1931. In dismissing the petition the Supreme Court said: "In the case at bar the determination of the motion of Lina A. J. Hutchinson to dismiss on the ground of the failure of the plaintiff to proceed, involved no determination of any issue of fact or law presented in that case, but was entirely disconnected therewith. It is, there-

fore, our opinion that the decision of the trial court was not rendered in the trial of the case, and the motion for a new trial could not, therefore, extend the time for the filing of an appeal. The appeal having been taken too late, it must, therefore, be dismissed on motion properly made." (*City of Pasadena* v. *Superior Court,* 212 Cal. 309 [298 Pac. 968].) The motion having been properly made before us, it must be granted.

Appeal dismissed.

.Works, P. J., and Craig, J., concurred.