[Civ. No. 635. Fourth Appellate District.—February 26, 1932.]

OLIVIA JOHNSON, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

Swing & Swing for Petitioner.

L. G. Shelton, Walter E. Byrne and Hert & Withington for Respondents.

BARNARD, P. J.—The petitioner seeks to set aside an order of the respondent court granting a new trial in an action in which she was the defendant. It is conceded that the original action referred to is one in which the plaintiffs were entitled to a jury trial unless this right has been waived by them. After that case was at issue and on November 28, 1930, the plaintiffs therein served and filed a memorandum of motion to set said action for trial, setting forth that the action was one for damages, that the time necessary for trial was one day, that no negotiations were pending for settlement, that a jury trial was demanded, and giving the names and addresses of the various attorneys. On the memorandum was a notice that a motion would be made on December 1, 1930, to set the case for trial. It appears that no motion was made on December 1, 1930, to set the case for trial and the cause was not set on that day; that no further notice of a motion to set the case for trial was ever given to this petitioner; that on June 1, 1931, in the absence of all parties and their counsel, and without their knowledge that it was to be set on that day, the court set the case for trial on July 14, 1931; that thereupon the parties stipulated that the order setting the case for trial on July 14th should be vacated and the action restored to the trial calendar to be reset at the earliest date convenient to the court and counsel following August 1, 1931; that on September 7, 1931, in the absence of all parties and their counsel and without knowledge on their part that the action would then be set for trial, the court set the trial of said action for October

13, 1931; and that within the proper time the plaintiffs deposited the required jury fees. When the case was called for trial on October 13th, although a jury was present, the defendant objected to a trial by jury on the ground that such a trial had been waived by the plaintiffs in that the same had not been demanded when the action was first set for trial. After an argument, the court informed plaintiffs' counsel that he felt that a jury had been waived, that the only way they could be relieved therefrom was by a motion under section 473 of the Code of Civil Procedure, and that he would grant a continuance for the purpose of making such a motion. Such a motion was then made and the court stated it would be granted upon terms, including the payment of costs and $100 attorney's fee. After consultation between counsel for the plaintiffs, the motion for a continuance was withdrawn and the case proceeded to trial before the court without a jury. On November 4, 1931, findings and judgment in favor of the defendant were entered. Subsequently, a notice of intention to move for a new trial was served and filed, setting up the following grounds:

"1. Irregularity in the proceedings of the Court by which the plaintiffs were prevented from having a fair trial;

"2. Accident or surprise, which ordinary prudence could not have guarded against;

"3. Newly discovered evidence, material for the plaintiffs, which they could not, with reasonable diligence, have discovered and produced at the trial;

"4. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law;

"5. Error in law occurring at the trial and excepted to by the plaintiffs;

"6. Error of the Court in granting the objection to trial by jury in this matter.

"7. Error of the court in denying the plaintiffs trial by jury."

The motion for a new trial was set for hearing and after argument was, on December 12, 1931, granted as follows: "Motion for new trial is granted upon the ground that plaintiffs had not waived a jury trial and the court committed error in denying plaintiffs a trial by jury."

Since an order granting a new trial in such a case as this is not now appealable, petitioner seeks this writ on the ground that the respondent court exceeded its jurisdiction in granting a new trial, it being contended that the motion was granted on the grounds numbered 6 and 7 in the notice of motion and that these grounds are not included in the statutory grounds for a new trial (sec. 657, Code Civ. Proc.). It is further argued that a jury was waived by the action of the plaintiffs before the date of the trial, that for that reason no order of the court was necessary on the day of the trial and, therefore, any possible error in denying plaintiffs a trial by jury could not have been an error of law occurring at the trial. The petitioner relies on *Diamond* v. *Superior Court,* 189 Cal. 732 [210 Pac. 36], and *Holquin* v. *Allison,* 97 Cal. App. 126 [274 Pac. 1037], as holding that *certiorari* will lie where the court, in passing upon a motion for a new trial, has acted in excess of its jurisdiction. In the first of these cases it affirmatively appeared that the court, after denying the motion upon all of the statutory grounds, granted it upon the ground of the death of the stenographer who had reported the case. In the second of these cases it was held that the court had lost its jurisdiction through the lapse of time. While the rule referred to is thoroughly established, it is equally well settled that where a trial court has acted within its jurisdiction, its action, even if erroneous, cannot be reviewed on *certiorari* (*Yenawine* v. *Richter,* 43 Cal. 312; *Middleton* v. *Finney,* ▌ (Cal. App.) 295 Pac. 527). In *Matter of Hughes,* 159 Cal. 360 [113 Pac. 684, 686], the court said:

"The Supreme Court has jurisdiction in *certiorari* to review a judgment of the superior court only in a case where that court has exceeded its jurisdiction (Code Civ. Proc., sec. 1068), and in such cases only for the purpose of inquiring whether or not the judgment sought to be reviewed was in excess of jurisdiction, or as the code expresses it, 'the review upon this writ cannot be extended further than

to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer'. (Code Civ. Proc., sec. 1074.) If such tribunal has regularly pursued its authority, our inquiry stops. We cannot consider or correct errors of law committed by the inferior court in the exercise of its authority on the merits of the cause it has jurisdiction to entertain and decide. No matter how erroneous that decision may be, even on the face of the record, we have no power to change, annul, or reverse it in this proceeding, if that court had jurisdiction to act in the matter before it.''

In *Dahlgren* v. *Superior Court,* 8 Cal. App. 622 [97 Pac. 681], it was held that a writ of *certiorari* cannot be used in this state as a writ of error, whether or not a right of appeal is available to a petitioner.

The only question before us is whether the respondent court exceeded its jurisdiction by granting a new trial on a ground not among those specified by the statute. We think this question must be answered in the negative. The essence of the ground stated by the court as a reason for granting a new trial is that the court had committed error in denying to the plaintiffs a trial by jury. There can be no question that the court did deny a jury trial after the case was called. The court told counsel for the plaintiffs that under the law as he viewed it, a jury had been waived, and although a jury had been in attendance, the trial proceeded before the court without a jury. The order granting a new trial, here sought to be reviewed, is based upon the ground that the previous action of the court in denying a jury trial was erroneous as a matter of law. While the petitioner argues that the plaintiffs had waived a jury prior to the date of the trial and, therefore, that any possible error was not one occurring at the trial, whether or not a jury had been waived by the plaintiffs was a question that was presented to the court after the case was called by the following objection raised by defendant's counsel:

''Defendant objects to a trial by jury in this action on the ground that a trial by jury has been waived in that plaintiffs did not at the time said action was first set for trial or at all demand a trial by jury.''

After argument, the court in effect sustained this objection and held that a jury trial had been waived. This ruling was one made during the trial and, if erroneous, was an error of law occurring at the trial. (*Silcox* v. *Lang,* 78 Cal. 118 [20 Pac. 297]; *Green* v. *Duvergey,* 146 Cal. 379 [80 Pac. 234].) The question of whether or not this ruling was erroneous was presented on the motion for a new trial, one of the grounds set up in the motion being ''error in law occurring at the trial and excepted to by the plaintiffs''. While an attempt was also made to set up the particular error complained of by subdivisions 6 and 7 of the notice of intention to move for a new trial, the matters therein set forth are not new or additional grounds but they refer to an alleged error of law occurring at the trial, and at the most are merely surplusage. In passing upon the motion for a new trial, as urged, upon the ground that the court had erred in denying to the plaintiffs a jury trial, the court was passing upon the question as to whether a new trial should be granted on the ground of an error of law occurring at the trial. We are here concerned with the question of the jurisdiction of the court, and not with the correctness of the court's decision upon the question before it. We conclude that the motion for a new trial was presented and granted upon one of the statutory grounds, and that the order made was therefore not in excess of the jurisdiction of the court.

Having acted within its jurisdiction, the order of the respondent court must be affirmed and it is so ordered.

Marks, J., and Lambert, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 18, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1932.