[Civ. No. 1194. Fourth Appellate District.—June 26, 1935.]

MARY CONFAR et al., Appellants, v. THOMAS WHELAN et al., Defendants; AMERICAN BONDING COMPANY (a Corporation), Appellant.

Clifford C. Pease and John B. Molenaar for Appellants.

Joe Crider, Jr., and A. F. Mack, Jr., for Respondent.

HARDEN, J., *pro tem.*—This is an action against the district attorney of San Diego County and others for damages alleged to have been sustained by plaintiffs by reason of the unlawful arrest and detention of the minor child of plaintiffs. The American Bonding Company, a corporation, is joined as a defendant upon allegations that it is surety upon an official bond given by the district attorney for the faithful performance of his duties as such officer.

The demurrer of said bonding company to the complaint was sustained without leave to amend on December 3, 1934. A motion by said company to strike passages of said complaint was presented on December 4, 1934, and a written order made and filed on December 18, 1934, granting said motion. Pursuant to the order sustaining the demurrer, judgment of dismissal of the action as against said company was entered December 5, 1934; notice whereof was given to plaintiffs' counsel December 16, 1934. Notice of intention

to move for a "new trial" of the issues raised on the demurrer was given and filed December 21, 1934. A minute order denying said motion for new trial was entered February 11, 1935. Notice of appeal was filed by plaintiffs on March 4, 1935, from the order sustaining the demurrer, from the order granting the motion to strike, from the order denying the motion for "new trial", and from the judgment.

Said bonding company now moves to dismiss the appeal upon the ground that the appeal was not taken within sixty days from the date of entry of the judgment, as prescribed by section 939, Code of Civil Procedure. Said section also provides that, in cases where proceedings upon motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion.

Appellants contend that the making and consideration of the motion for new trial operated to give them the additional thirty days within which to appeal from the judgment; and in support of their position rely upon *Quist* v. *Michael,* 153 Cal. 365 [95 Pac. 658], and *Quist* v. *Sandman,* 154 Cal. 748 [99 Pac. 204]. Said decisions grow out of the same appeal. In said case the appeal was from the judgment and from an order denying a motion for a new trial. There the trial was upon an agreed statement of facts, with a stipulation waiving findings. The Supreme Court, refusing to dismiss the appeal from the order denying the motion for new trial, affirmed said order. This was done without a consideration of the merits of the appeal from the order. The judgment on appeal from said order proceeded upon the theory that, the trial court having actually passed upon the motion for new trial notwithstanding that the facts were established by the statement, the proper order on appeal was an affirmance of the order denying a new trial rather than a dismissal.

The essence of appellants' position is that a new trial may consist of a reexamination of questions of law as well as a reexamination of questions of fact. This is contrary to accepted conceptions of law and to the language of section 656 of the Code of Civil Procedure. The demurrer raised questions of law. (Sec. 589, Code Civ. Proc.; *Brennan* v. *Ford,* 46 Cal. 7; *Philip* v. *Durkee,* 108 Cal. 300 [41 Pac. 407].) The order sustaining the demurrer was not an appealable order, nor was the order granting the motion to strike.

(*Bryant* v. *Kelly*, 203 Cal. 721 [265 Pac. 817] ; *Wood Curtis & Co.* v. *Missouri etc. Ry. Co.*, 152 Cal. 344 [92 Pac. 868].) Since the amendment of section 963, Code of Civil Procedure, in 1915, no appeal has been provided from an order denying a motion for a new trial. (*Gray* v. *Cotton*, 174 Cal. 256 [162 Pac. 1019] ; *Kenney* v. *Kenney*, 220 Cal. 134 [30 Pac. (2d) 398].) The only right of appeal which appellants had was an appeal from the judgment. The device of moving for a new trial, under the circumstances existing here, cannot extend the time within which to appeal from the judgment beyond sixty days from the entry of the judgment. The appeal not having been taken within that period, the court has no jurisdiction to consider the appeal on the merits. (*Williams* v. *Long*, 130 Cal. 58 [62 Pac. 264, 80 Am. St. Rep. 68] ; *Lancel* v. *Postlethwaite*, 172 Cal. 326 [156 Pac. 486] ; *Lawson* v. *Guild*, 215 Cal. 378 [10 Pac. (2d) 459] ; *Kocher* v. *Fidelity & Deposit Co.*, 137 Cal. App. 474 [30 Pac. (2d) 535] ; *Bley* v. *Board of Dental Examiners*, 101 Cal. App. 666 [282 Pac. 19].)

The motion to dismiss the appeal is granted.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1935.