[Civ. No. 10732. Second Appellate District, Division One.—July 9, 1936.]

HOTEL PARK CENTRAL, INC. (a Corporation), Appellant, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES, as Executor, etc., Respondent.

Samuel S. Gelberg and Thorwald Siegfried for Appellant.

Flint & MacKay, Wesley L. Nutten, Jr., and Edward L. Compton for Respondent.

SHINN, J., *pro tem.*—Appeal by plaintiff from a judgment in favor of defendant, after order sustaining objection to introduction of evidence and granting judgment on the pleadings, and from a later order denying relief under section 473 of the Code of Civil Procedure.

■ Respondent objects to a hearing on the merits of the appeal from the judgment, upon the ground that the notice of appeal was filed too late, and this objection must be sustained. The notice was filed more than sixty days after judgment but within thirty days after ruling upon plaintiff's attempted motion for new trial. No issue of fact was tried.

■ The order of the court granting a motion for judgment on the pleadings after a ruling sustaining an objection to the introduction of evidence, on the ground that the amended complaint failed to state a cause of action, was a decision upon questions of law alone. No motion for new trial lies in such cases. (*Abbey Land etc. Co.* v. *San Mateo County*, 167 Cal. 434 [139 Pac. 1068, Ann. Cas. 1915C, 804, 52 L. R. A. (N. S.) 408].) ■ An attempted motion for new trial in a case where none is authorized does not extend the time within which an appeal can be taken. (*Confar* v. *Whelan*, 8 Cal. App. (2d) 101 [46 Pac. (2d) 991]; *Gray* v. *Cotton*, 174 Cal. 256 [162 Pac. 1019]; *City of Pasadena* v. *Grace*, 114 Cal. App. 24 [299 Pac. 565].)

We shall proceed to a discussion of the merits of plaintiff's application for relief under section 473 of the Code of Civil Procedure as presented on the appeal.

The cause of action sued on was for rent of an apartment under a written lease between plaintiff, as landlord, and testator, Motley H. Flint, as tenant. A claim was filed with the executor for the sum of $4,650.03, for unpaid rent. The claim stated that "the said rent is due under a lease between Hotel Park-Central, Inc., and Motley Flint, dated August 10, 1928, for a term expiring September 30th, 1930, at a rental payable in installments of $516.67 on the first day of each month during the said term". The original lease or a copy thereof was not attached to the claim and the claim was rejected by the executor. It is agreed by the parties that the court, upon the trial of this action, held the claim, as presented, to be defective because of the failure of claimant to attach thereto the original or a copy of the lease. The defect appeared on the face of the complaint and for this reason the court ruled as it did.

By the application for relief, made some fifteen days after the entry of the judgment, plaintiff sought to have the judgment vacated. In the affidavits upon which the motion was based, no showing was made of mistake, inadvertence or ex-

cusable neglect at the time of trial, except in a single particular to be hereafter discussed. All parties were in court and the proceedings would appear to have been regular in every respect. The court ruled that plaintiff's amended complaint was insufficient because the claim upon which it was based was defective. Plaintiff did not then ask leave to amend but tendered a second amended and supplemental complaint with the motion for relief from the judgment. Plaintiff's difficulties arise out of the defect in the claim. The claim itself did not state any reason why a copy of the lease was not attached thereto, nor any facts excusing the claimant's failure to comply with the requirements of section 1496 of the Code of Civil Procedure, then in effect. No facts excusing such failure were stated in the amended complaint nor in the second amended and supplemental complaint which plaintiff sought leave to file. By its application to the court, plaintiff was not seeking to be relieved from the consequences of its failure to present a sufficient claim to the executor. The court did not pass upon the right of plaintiff to any such relief nor the power of the court to grant it. Neither question is before this court.

Appellant contends that the court erred in granting judgment on the pleadings, but this question is one which was not germane to the application for relief on the ground of mistake or inadvertence, and is not involved on this appeal.

It was shown by plaintiff's affidavits that the executor had allowed the claim on September 24, 1930, and had had the same approved by a court commissioner on October 1, 1930, but had thereafter informed plaintiff that the claim had been allowed by mistake and that an order was to be made, and later informed plaintiff that an order had been made, vacating the allowance of the claim. It was shown that the executor, upon affidavit, procured an *ex parte* order on December 17, 1930, vacating the executor's allowance of the claim and the court's approval thereof, and that on December 22, 1930, plaintiff was notified in writing that an order had been made vacating the allowance of the claim, and that the claim was by the executor disallowed *in toto*. Plaintiff's counsel, while conceding all of these facts, contend that while they understood that the allowance of the claim by the executor was being vacated, they were not informed and did not know that the claim had ever been approved by the court and filed with the

clerk. In their affidavits they show discovery of these facts subsequent to the trial of this action.

Plaintiff came before the trial court with this plea: it did not know at the time of trial that the claim had originally been approved by the court after allowance by the executor, and therefore, in ignorance of that fact, it proceeded to trial and suffered an adverse judgment, whereas if it had known of the approval of the claim by the court it could have stood upon such approval and, by dismissing the present action, could have avoided the judgment which went against it therein. Under this theory the question was before the trial court on the motion for relief whether the judgment should be vacated in order to allow plaintiff to stand upon the original allowance of the claim by the court. It is contended that the trial court should have vacated the judgment disallowing the claim upon a showing that there was a subsisting, valid allowance of the claim by the executor and approval by the court, and upon a sufficient showing by plaintiff of inadvertence and excusable neglect in failing to discover those facts, as otherwise there would have been two conflicting and perhaps final judgments with respect to the claim.

We should state first of all that the question of error in the order vacating the allowance of the claim is not at all involved. The question is, was it a void order? If it was void, the claim stood as approved and there was no need to try the suit on the claim. If it was valid, the approval of the claim was vacated, and the claim stood as rejected under the executor's subsequent rejection.

The affidavit of the vice-president of the corporate executor, upon which the approval was vacated, showed that the claim had been allowed through mistake and without knowledge that the testator had disputed the claim and placed the matter in the hands of his attorneys, who had advised him that he had a good defense against a part or all of plaintiff's demands under the lease.

In contending that the order was void, appellant relies upon numerous cases in which it has been said that an allowed claim has the characteristics of a judgment, and argues that it has all the force of a judgment. It has been pointed out many times that the effect of an order approving a claim is only to place it among the acknowledged debts

of the estate, and it has never been given any greater effect since the law has made an allowed claim subject to contest upon the hearing of an account. (Sec. 1496, Code Civ. Proc.; sec. 713, Probate Code; *Haub* v. *Leggett,* 160 Cal. 491 [117 Pac. 556].)

■ Orders of court approving claims after allowance thereof by an administrator or executor are *ex parte* orders. (*Haub* v. *Leggett, supra; Estate of Wilson,* 97 Cal. App. 529 [275 Pac. 977] ; *Beckett* v. *Selover,* 7 Cal. 215 [68 Am. Dec. 237] ; *In re Estate of Sullenberger,* 72 Cal. 549 [14 Pac. 513].) At the time plaintiff's claim was presented, section 1496 of the Code of Civil Procedure was in effect. Under the terms of that section an order of court approving a claim after allowance by an executor or administrator was to be made *ex parte* and was therefore such an order as might be vacated or modified *ex parte* under the powers conferred by section 937 of the Code of Civil Procedure. This was held in *Estate of Sullenberger, supra,* and *Estate of Wilson, supra,* in both of which cases the point was directly involved.

■ The order of the court authorizing the executor to vacate its allowance of the claim and vacating the court's approval thereof was a valid order. Therefore the claim stood as rejected and the merits of the claim were to be determined by the court in the present action. The previous approval of the claim by the court and the order vacating such approval furnished no ground for setting aside the judgment in defendant's favor. Giving the fullest possible effect to the showing made by plaintiff in its application for relief from the judgment, we find the showing to have been entirely insufficient to entitle plaintiff to the relief prayed for.

The order appealed from, denying plaintiff relief under section 473 of the Code of Civil Procedure, is affirmed, and the attempted appeals from the judgment and from the order denying plaintiff's motion for a new trial are dismissed.

Houser, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 4, 1936, and an applica-

tion by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 4, 1936.